USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

TYLER ALLEN
JEFFREY JOHNSON

Defendants.

**Amended Protective Order**

**20 Cr. 366**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's Disclosure Material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, non-law enforcement witnesses who the Government believes may be

subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, could be subject to risk of harm absent the protective considerations set forth herein. Sensitive Disclosure Material will be labeled as such in the name of the folder or document that the Government produces. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Attorney's Eyes Only Disclosure Material.** Certain of the Government's Disclosure Material, referred to herein as "Attorney's Eyes Only Disclosure Material," contains information that relates to a separate, ongoing investigation of other individuals, the disclosure of which could harm the Government's ongoing investigation, could cause individuals to become targets of robberies similar to the one charged in the present case, and/or could risk prejudicial pretrial publicity if publicly disseminated. The Government's designation of material as Attorney's Eyes Only Disclosure Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure Material shall not be disclosed other than as set forth herein, and shall be used by the defense counsel and anyone else who lawfully possesses the material pursuant to this Order, solely for purposes of defending this action. Disclosure Material shall not be posted on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any materials to the media or any third party except as set forth below.

2. Disclosure Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

2

(b) prospective witnesses, for purposes of defending this action; and

(c) such other persons as hereafter may be authorized by the Court upon such motion by the defendant.

3. Sensitive Disclosure Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(b) such other persons as hereafter may be authorized by the Court upon such motion by the defendant.

4. Attorney's Eyes Only Disclosure Material shall be maintained in a safe and secure manner solely by defense counsel. Attorney's Eyes Only Disclosure Material, including any copies thereof or excerpts therefrom, or any information contained therein, shall not be possessed by or disclosed to the defendants, but may be disclosed by defense counsel only to (a) any paralegal, investigator, or legal assistant employed or contracted by defense counsel; (b) any expert, advisor, or any other individual retained or employed by the defendants and defense counsel for the purpose of assisting in the defense of this case; or (c) such other persons as hereafter may be authorized by Order of the Court.

5. The Government may authorize, in writing, disclosure of any type of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material or Attorney's Eyes Only Disclosure Material pertinent to any motion

before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. In addition, any material with information contained in Attorney's Eyes Only Disclosure Material, that contains any excerpts of Attorney's Eyes Only Disclosure Material, or that incorporates Attorney's Eyes Only Disclosure Material by reference, must be initially filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation as well as individuals' consents to search, from various computers, cell phones, other devices and storage media, and social media accounts. This ESI was seized from or otherwise belongs to Jeffrey Johnson and Tyler Allen: Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain Disclosure Material ("the seized ESI Disclosure Material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI Disclosure Material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI Disclosure Material except as otherwise set forth under this Order.

8. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including the seized ESI Disclosure Material, within 30 days of the expiration of the period for

4

direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If Disclosure Material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. The defense shall provide a copy of this Order to all persons to whom the defense has disclosed Disclosure Material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _Courtney Heavey_     Date: _October 7, 2020_
Courtney L. Heavey
Assistant United States Attorney

_[signature]_     Date: _Oct. 6, 2020_
Theodore Green, Esq.
Counsel for Tyler Allen

_[signature]_     Date: _10/07/2020_
Deveraux Cannick, Esq.
Counsel for Jeffrey Johnson

SO ORDERED:

Dated: White Plains, New York
       October _7_, 2020

_[signature]_
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

6