UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                         20-cr-366 (NSR)

TYLER ALLEN,

             Defendant.

-------------------------------------------------------------X


Reply Memorandum of Law in Support of Motion to Dismiss Indictment


Theodore S. Green
*Attorney for Tyler Allen*
Green & Willstatter
200 Mamaroneck Avenue - Suite 605
White Plains, New York   10601
(914) 948-5656
theosgreen@msn.com

cc: All counsel (by ECF)

**The Arbitrary Deprivation of Thousands of Registered Voters From Having the Opportunity to Be Selected for Jury Service Substantially Violates the JSSA.**

A claim that a jury selection procedure violates the JSSA may, but *need not*, allege that a cognizable group is disproportionately affected or that the demographic makeup of the jury wheel is substantially altered. Indeed, the statute has strict procedural requirements for alleging a statutory violation – which are indisputably satisfied here – but its "protections go beyond the remedy available under the Sixth Amendment." *United States v. Jackman*, 46 F.3d 1240, 1250 (2d Cir. 1995) (Walker, J., dissenting) (had defendant complied with procedural requirements, JSSA statutory claim would have been be viable notwithstanding lack of underrepresentation proof); *United States v. Bearden*, 659 F.2d 590 (5th Cir. 1981); *United States v. Coleman*, 429 F. Supp. 792 (E.D. Mich. 1977). Thus whether a procedural irregularity is a violation of the statute turns on whether an important JSSA policy is frustrated, and the significance of the deviation. *See, e.g.*, *Coleman*, 429 F.Supp. 792 (dismissing indictment because jury wheels were filled in untimely fashion).

As explained below, and in Mr. Allen's opening memorandum of law, the exclusion of hundreds of thousands of registered voters and the improper proration of the counties frustrates important policies in the JSSA and the Jury Plan. The three key areas of exclusion discussed below are the exclusion of "inactive" voters, the exclusion of voters with an alternate mailing address and persons excluded due to a proration calculation error.

**A. "Inactive Voters"**

First, 97,875 people are excluded because they are considered "inactive" voters in Westchester, Putnam, Orange, Rockland, and Sullivan counties, while the inactive voters from Dutchess county are included. Martin Decl. ¶ 32. "Inactive voters" are voters who are still registered to vote but whose status is changed to "inactive" because the county elections boards have received

information, whether accurate or not, that the voter has moved. *Common Cause/New York v. Brehm*, 432 F. Supp. 3d 285 (S.D.N.Y. 2020) ("Voters are moved to inactive status when a County Board receives information indicating that a voter may no longer be living at her address of registration."). The information received by the county boards is often inaccurate. *See id*. at 293 ("In practice, tens of thousands of New York voters are improperly registered to vote as inactive, even though they continue to reside at their address of registration.). And being marked as "inactive," at least outside of Dutchess County, results in the voter's name being excluded from the White Plains Master Wheel.

The exclusion of inactive voters violates the Jury Plan and JSSA not only because it likely impacts the representativeness of the juries, (Def Memo 13-14) but because it substantially violates other provisions of the JSSA and the Jury Plan. First, the JSSA declares that it is "the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States…." 28 U.S.C. § 1861. By excluding individuals from the five counties who are registered to vote but are marked as "inactive," the jury selection process closes the door on the only available "opportunity to be considered for service" in SDNY: being a registered voter. Other districts that rely on alternate source lists like those from the DMV do not fully deprive "inactive voters" the opportunity to be considered for service; instead those individuals may be included because they have a driver's license or the like. Bu t in the SDNY, inactive voters outside of Dutchess county do not have "the opportunity to be considered for service" as required by the statute. 28 U.S.C. § 1861.

Second, their exclusion violates the clear language of the JSSA and the Jury Plan, which

2

require, at minimum, the use of voter registration lists. [1]"Voter registration lists" are defined, in relevant part, as "official records maintained by State or local election officials of persons registered to vote in either the most recent State or the most recent Federal general election…." 28 U.S.C. §1869(c). As a straightforward matter of statutory interpretation, anyone who is registered to vote in the most recent State or Federal general election should be on the lists relied on by the Jury Administrator for inclusion in the Master Wheel. They should be subject to the same procedures that everyone else undergoes in order to determine whether they qualify for service. Instead, in all but one county, their names are not provided to the Jury Administrator for potential inclusion in the Master Wheel.

This practice of exclusion, whether intentional or not, is no small or "technical" matter. The violation is "substantial" because it results in the exclusion of 97,875, or nearly 7% of the jury-eligible population from consideration in the master wheel. [2]This effect far exceeds the "harmless error" example described in the legislative history of the statute. According to that history, a hypothetical non-substantial deviation from the plan would involve only a .5% departure from the jury plan, or using 1,990 names instead of 2,000. *Coleman*, 429 F. Supp. 792, 795 (describing House Report); s*ee also United States v. Carmichael*, No. 2:03-CR-0259-MHT, 2006 WL 8439345 n.78 (M.D. Ala. June 29, 2006), *report and recommendation adopted,* 467 F. Supp. 2d 1282 (M.D. Ala.

---

[1]The JSSA permits reliance on 'actual voter lists" but there is no indication that the SDNY uses lists of actual voters to create the Master Wheels. To the contrary, the Jury Plan is specific in its exclusive reliance on "voter registration lists."

[2]The provided Voter registration lists for the White Plains Division, which include only active voters, for Orange, Putnam, Rockland, Sullivan and Westchester counties, list a combined total of 1,317,125 names. If inactive voters had been included the total would have been 1,415,000. The 97,875 inactive voters who were not included thus represent 6.92% of the total number of registered voters.

2006), *aff'd,* 560 F.3d 1270 (11th Cir. 2009). Thus the exclusion of inactive voters results in a substantial violation of the JSSA.

### B. Voters with an Alternate Mailing Address

The same can be said for the widespread exclusion of thousands voters who included an alternate mailing address when they registered to vote. Due to a technical and systematic glitch, 76,574 are excluded through no fault of their own from jury service. Martin Decl. ¶¶41 -44. This exclusion constitutes an additional 5.41%% of the eligible voting population. [3]

### C. Improper Proration

Finally, as explained in Mr. Allen's opening brief (Def Memo 13-14), improper proration resulted in the exclusion of 285,347 registered voters. Martin Decl. ¶ 38. The impact of the this mathematical deviation is vast --approximately 20% of registered voters are excluded. [4] The Jury Plan, III.A, states that the "the number of names to be drawn from each county shall reasonably reflect the relative number of registered voters in each county within the respective Master Jury Wheels." But, as Mr. Martin explains: "the process does not maintain the relative number of registered voters in each county for the White Plains Division." Martin Decl. ¶ 36.

The government and its expert do not dispute Mr. Martin's finding, but attempt to justify it in a manner outside of the plan itself. Siskin Rep. ¶13, n.5. Substantial violations of a jury plan are

---

[3]

The total number of registered voters for the White Plains Division, as discussed in note 3, is 1,415,000. 76,574 were excluded because of the use of an alternative mailing address. Martin Decl. ¶ 44. Thus these voters represent 5.41% of registered voters.

[4]As discussed in note 3, the total number of registered voters in the White Plains Division is 1,415,000. The 285,347 voters excluded from potential jury service due to incorrect proration represents 20.17% of that total number.

actionable under the JSSA, whether or not there is a retrospective justification supporting the deviations. *See, e.g., Coleman*, 429 F. Supp. 792, 796 ("Thus, procedural regularity is the measure of the validity of the selection system. It is an appropriate measure since the bill sets up a largely mechanical process in which the role of human discretion is minimized. . . . Such procedural regularity cannot be assured when discretion is permitted to vary the manner of compliance with the plan.") (internal citations omitted).

### D. Combined Effect of Exclusions

Taken together, 459,796 registered voters were excluded because they were inactive, had an alternate mailing address or because of improper proration. Martin Decl. ¶ 45. These exclusions have a profound effect on the Qualified Wheel because 32.45% of registered voters were improperly excluded. [5]The effect of these exclusions is that the chance of being selected for the Master Wheel varies significantly by county with voters in Dutchess county having a 1 in 3.45 chance of selection and voters in Sullivan having a 1 in 6.25 chance. Martin Decl. ¶ 47. Such a substantial and arbitrary variation of the chance of being selected for jury service does not comport with the policies set forth in the JSSA and the Jury Plan .

---

[5]The total number of registered voter for the White Plains Division, as discussed in note 3, is 1,415,000.  459,796 registered voters were excluded, which represented 32.45%.

5

## CONCLUSION

For the above reasons, Mr. Allen's rights, under the Fifth and Sixth Amendments and under the JSSA, to a grand jury drawn from a fair cross-section of the community were violated. The indictment should be dismissed.

Dated: January 18, 2021

Respectfully submitted,

/s/ *Theodore S. Green*
Theodore S. Green
*Attorney for Defendant Tyler Allen*
Green & Willstatter
200 Mamaroneck Avenue - Suite 605
White Plains, New York   10601
(914) 948-5656
theosgreen@msn.com


To: All counsel (by ECF)